IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 16 CR 404 |
| | ) |
| COMAR WHEELER | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Comar Wheeler's (Wheeler) motion for judgment of acquittal, and motion in the alternative for a new trial. For the reasons stated below, both motions are denied.

## BACKGROUND

Wheeler was charged with one count of being a felon in possession of a firearm. On May 24, 2017, Wheeler was found guilty by a jury. Wheeler now moves for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c) (Rule 29(c)) and moves in the alternative for a new trial pursuant to Federal Rule of Criminal Procedure 33(a) (Rule 33(a)).

## LEGAL STANDARD

A defendant in a criminal case who has been found guilty by a jury may move for a judgment of acquittal under Rule 29(c). Fed. R. Crim. P. 29(c). If the defendant is challenging the sufficiency of the evidence presented at trial, the court must "consider the evidence in the light most favorable to the prosecution, drawing all reasonable inferences in the government's favor," and a "[r]eversal is appropriate only when, after viewing the evidence in such a manner, no rational jury 'could have found the defendant to have committed the essential elements of the crime.'" *United States v. Macari*, 453 F.3d 926, 936 (7th Cir. 2006)(quoting *United States v. Masten,* 170 F.3d 790, 794 (7th Cir. 1999)); *see also United States v. Moses*, 513 F.3d 727, 733 (7th Cir. 2008)(stating that "[a] district court should grant a motion for a judgment of acquittal only when there is insufficient evidence to sustain a conviction"); *United States v. Pree*, 408 F.3d 855, 865 (7th Cir. 2005)(stating that a motion for acquittal should be granted "only if, viewing the evidence in the light most favorable to the Government, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt").

A court may provide a defendant found guilty of a crime by a jury with a new trial under Rule 33(a) "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision of whether a new trial is warranted is "committed 'to the sound discretion of the trial judge.'" *United States v. Gillaum*, 372 F.3d 848, 857-58 (7th Cir. 2004)(quoting *United States v. Woolfolk*, 197 F.3d 900, 904 (7th Cir. 1999)). In determining whether to grant a new trial, a court should exercise "great caution" and

be "wary of second guessing the determinations of the . . . jury." *Id.* (internal quotations omitted)(quoting *United States v. DePriest*, 6 F.3d 1201, 1216 (7th Cir. 1993)); *see also United States v. Van Eyl*, 468 F.3d 428, 436 (7th Cir. 2006)(stating that "[a] defendant is entitled to a new trial if there is a reasonable possibility that a trial error had a prejudicial effect upon the jury's verdict").

## DISCUSSION

I. Motion for Judgment of Acquittal

    A. Sufficiency of Evidence

Wheeler contends that the evidence is insufficient to sustain his conviction. The Seventh Circuit has stated that "[a] defendant who challenges the sufficiency of the evidence faces a nearly insurmountable hurdle . . . [in that] [the Court] consider[s] the evidence in the light most favorable to the Government, defer[s] to the credibility determination of the jury, and overturn[s] a verdict only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Gougis*, 432 F.3d 735, 743-44 (7th Cir. 2005)(internal quotations omitted)(quoting *United States v. Jackson*, 177 F.3d 628, 630 (7th Cir. 1999)). There was ample evidence presented at trial which showed that Wheeler was a convicted felon in possession of a firearm. Three separate officers testified that on March 7, 2016, Wheeler ran down an alley when

approached by police, which was corroborated by radio traffic. Two of the officers testified that a gun was recovered from Wheeler's waistband. Wheeler stipulated that he was a felon prior to March 7, 2016 and admitted the gun was in his waistband that night. When viewing the evidence in a light most favorable to the Government, the jury could have found beyond a reasonable doubt that Wheeler was a felon in possession of a firearm.

### B. Defense of Duress

Wheeler asserts that the Government failed to prove that he possessed a firearm without justification. The defense of duress is the defendant's burden to prove. *See Dixon v. U.S.*, 548 U.S. 1, 15 (2006)(stating that "[t]he long established common-law rule is that the burden of proving duress rests on the defendant"). The jury instruction was clear that it was the defendant's burden to prove this defense. (Court's Jury Instruction No. 14). Wheeler argues that the jury ignored evidence produced at trial as well as the specific instruction that they must find him not guilty if the evidence shows he possessed the firearm to avoid being killed or seriously injured. Wheeler argues that the evidence at trial shows he possessed a firearm after an alleged attacker dropped the firearm used to strike him and he possessed the firearm in order to avoid being shot or killed. When viewing the evidence in a light most favorable to the Government, the jury could have disbelieved Wheeler's testimony concerning his defense. The evidence presented at trial included

contradictory statements to police as to why Wheeler possessed the gun, Wheeler's possible incentives to lie, and Wheeler's own testimony concerning his level of inebriation on the night of March 7, 2016. It is also possible that the jury did in fact believe Wheeler's testimony, but found that he had not met all the required elements to show a defense of duress.

Wheeler further argues that Detective Coleman was the only Government witness to negate his duress justification defense and that Detective Coleman's testimony was not credible. Wheeler contends that to believe Detective Coleman heard a confession from Wheeler "is preposterous" and "not rational" considering that Wheeler is " no stranger to the criminal justice system and knows full well that what he says to law enforcement can and will be used against him in court" and because Wheeler chose to go to trial in this matter knowing that Detective Coleman would testify about the confession. (Mot. 8). When viewing the evidence in a light most favorable to the government, the jury could have found Detective Coleman's testimony to be credible. There was evidence presented at trial to corroborate Detective Coleman's testimony, such as Detective Coleman's handwritten notes which included specific details discussed by Wheeler, as well as other officer testimony.

Wheeler further argues that he was put in the "untenable position" of testifying and exposing his criminal history, or not testifying and not being able to explain to the jury why he possessed the firearm. (Mot. 5). As discussed above, the affirmative

5

defense of duress is the defendant's burden to prove. Wheeler's choice to take the stand and testify to support his defense of duress is not grounds for a judgment of acquittal or a new trial.

### C. Criminal History

Wheeler also argues that the jury convicted him based on his past criminal record and not based on the facts and law presented at trial. Wheeler chose to testify about his criminal history on direct examination and, because Wheeler stipulated to being a felon prior to March 7, 2016, an element of the instant offense, no evidence of Wheeler's criminal history was introduced during the Government's case-in-chief. The jury was instructed to use evidence of Wheeler's criminal convictions only for limited purposes. (Court's Jury Instruction No. 16). Wheeler does not point to any evidence that the jury based its verdict on his past crimes, or that the jury was improperly instructed on his criminal history.

## II. Motion for a New Trial

Wheeler also argues that it would be a miscarriage of justice to allow the verdict to stand in this case. Wheeler has not shown that there was any such miscarriage of justice in this case. Wheeler was accorded a fair trial and there was ample evidence presented to convict him on all charges. Wheeler has not shown that any witnesses lacked credibility, or pointed to any errors by the court, or to any

prejudice to him that would warrant a new trial. There is no basis in this case to order a new trial. Therefore, Wheeler's motion for a new trial is denied.

## CONCLUSION

Based on the foregoing analysis, Wheeler's motion for judgment of acquittal is denied, and his motion in the alternative for a new trial is also denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 27, 2017